[No. 8498. *En Banc.* March 28, 1910.]

THEODOR NELSON, *an Insane Person, by his Guardian etc.,*
*Respondent,* v. YOUNG-COLE LUMBER COMPANY *et al.,*
*Appellants.*[1]

MASTER AND SERVANT—INJURY TO SERVANT—FACTORY ACT—AC-
TIONS—CONDITION PRECEDENT—NOTICE OF ACCIDENT. Notice of an
accident is a condition precedent to an action for personal injuries
under Rem. & Bal. Code, § 6595, providing that no action shall be
commenced for personal injuries under the factory act unless notice
of the accident signed by the employee or some one in his behalf be
given to the employer within six months from the time of the acci-
dent or within 90 days after recovery if mentally or physically un-
able to give the notice; and where the injured person became insane,
a notice in his behalf signed by an unauthorized person, after the
expiration of the six months, no general guardian having been ap-
pointed, is not such a notice as is required by the statute.

Appeal from a judgment of the superior court for Pierce
county, Shackleford, J., entered June 3, 1909, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action for personal injuries sustained by an employee in a
sawmill. Reversed.

*Hudson & Holt (Stevens Bros., of counsel), for appellants.*
*Govnor Teats, Hugo Metzler, and Leo Teats, for respond-*
ent.

MOUNT, J.—The plaintiff recovered a judgment against
the defendants on account of personal injuries. The de-
fendants have appealed.

It appears that on May 1, 1907, while the respondent was
working in a sawmill for the appellants, he fell into an un-
guarded conveyor chute and was severely injured. His in-
jury confined him to his home until about the 11th of June,
when he returned to work for the appellants. He worked
only a portion of the time during the months of June, July,

[1]Reported in 107 Pac. 873.

and August, when he quit because the work was too heavy for him, and went to work for the Tacoma & Eastern Railroad Company as section hand. He worked there until December, 1907, when he quit because he was unable to do the work. In January, 1908, he was adjudged insane, and was sent to the insane asylum at Steilacoom, where he has ever since remained. This action was begun on May 1, 1908, by his guardian *ad litem*.

It is alleged that the negligence of the appellants consisted in failure to guard the hatchway to said conveyor when it was practicable to do so. No notice of the time, place, and cause of the injury was given within six months, under the provisions of the factory act under which this action was brought. It is alleged in the complaint, "that by reason of the aforesaid injuries, the mind of the said Theodor Nelson became deranged from the time of said accident, and was and became totally incapable of transacting business from the time of receiving said injuries." It is also alleged that one A. O. Baumeister, on April 18, 1908, on behalf of said Theodor Nelson, caused a notice in writing of the time, place, and cause of the injury to be given to the defendants, and a copy of this notice was attached to the complaint and marked Exhibit A. These allegations of the complaint were denied by the answer, except that it was admitted that the exhibit A was served upon the defendants on April 18, 1908. At the close of plaintiff's case, the defendants moved the court for a directed verdict and for a dismissal of the action, upon several grounds, one of which was that the notice required by the factory act had not been given. The trial court was of the opinion that no notice was required, where the injured person became insane within the period of six months and continued insane thereafter.

The factory act under which the action was brought provides:

"No action for the recovery of compensation for injury under this act shall be maintained unless notice of the time,

place and cause of injury is given to the employer within six months, and the action is commenced within one year, from the occurrence of the accident causing the injury. The notice required by this section shall be in writing, signed by the person injured, or by some one in his behalf; but if from mental or physical incapacity it is impossible for the person injured to give the notice within the time provided in this section he may give the same within ninety days after such incapacity is removed, and in case of his death without having given the notice because of mental or physical incapacity, his executor, or administrator may give notice within thirty days after his appointment." Laws, 1905, page 169, § 9 (Rem. & Bal. Code, § 6595). .

This statute is clear that no action shall be maintained unless the required notice is given, and the authorities agree that such notice is a condition precedent to the right of action. 2 Labatt, Master & Servant, § 708; 1 Dresser, Employer's Liability, § 27; Supplement to Dresser's Employer's Liability, p. 65; 5 Thompson, Negligence, § 6231, and cases cited; Reno, Employer's Liability Acts, § 124. No notice of any kind was attempted to be given in this case until April 18, 1908, which was more than six months after the accident which caused the injury. Apparently this notice is not relied upon, for it is contended by the respondent that no notice was required in the case.

It is argued by the appellants that the evidence in behalf of the respondent shows that, for the greater portion of six months following the injury, the respondent was sane and able to go about his business, and therefore should have given the notice required if he intended to hold the appellants liable; and also that the failure to give notice as required by the statute bars a recovery. We need not pass upon the evidence relating to the insanity of the respondent, but may assume that this evidence was sufficient to go to the jury, and also sufficient to show that the respondent was either mentally or physically incapable of transacting business from the time of the accident. The statute says: "The notice required by this section shall be in writing, signed by

the person injured, or by some one in his behalf." This means, of course, some one capable of representing an intelligent person acting within the six months. The next clause provides for persons incapacitated, as follows:

"But if from mental or physical incapacity it is impossible for the person injured to give the notice within the time provided in this section he may give the same within ninety days after such incapacity is removed, and in case of his death without having given the notice because of mental or physical incapacity, his executor or administrator may give such notice within thirty days after his appointment."

The effect of this statute is to require notice to be given within six months, where mental or physical incapacity does not exist; but where such incapacity does exist, then such notice must be given within ninety days after recovery; and when death occurs and notice was not given because of incapacity, then within thirty days after an executor or administrator has been appointed. No provision is made for notice while disability continues, and it is not provided that the action may be maintained without notice in such cases. The requirement of notice is mandatory in any event. The time of the first contingency had passed before any attempt was made to give notice. Neither of the last two contingencies has occurred, and no attempt has been made to give the notice required in such cases. At the time this action was begun the respondent was insane and confined in the insane asylum. No general guardian appears to have been appointed for his person or estate, and no such notice as is required appears to have been given. The question whether a general guardian of an insane person may give the notice provided for in the statute, while the insane person is alive, is not in the case. The absence of proof of the fact that the statutory notice was given, either by the person injured or by some one authorized to do so for him, was fatal to his right of action, and it was therefore error for the court to refuse to dismiss.

The judgment must therefore be reversed, and the cause ordered dismissed, without prejudice.

RUDKIN, C. J., FULLERTON, CHADWICK, GOSE, CROW, DUNBAR, and PARKER, JJ., concur.